**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **JAMES LEE JOHNSON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:13-cv-430** |
| | ) | |
| **BRUCE WESTBROOKS,**[1] | ) | **Judge Sharp** |
| | ) | |
| **Respondent.** | ) | |

**MEMORANDUM AND ORDER**

Petitioner James Lee Johnson was convicted and sentenced by the Criminal Court for Davidson County, Tennessee in Nashville after a guilty plea in 2006, and is presently an inmate at Bledsoe County Correctional Complex (formerly the Southeastern Tennessee State Regional Correctional Facility). His *pro se* petition under 28 U.S.C. § 2254 for a writ of habeas corpus was initially filed in the United States District Court for the Eastern District of Tennessee. That court exercised its discretion under 28 U.S.C. § 2241(d) to transfer the action to this district. The petitioner has already been granted leave to proceed *in forma pauperis*.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, this Court is to promptly examine the petition and to dismiss it, prior to service on the respondent, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." The Court has conducted a preliminary review of the petition and finds that it plainly appears from the petition that the petitioner is not entitled to relief.

According to the petition itself as well as the state-court opinions referenced therein, the petitioner was sentenced on January 6, 2006 after entering a guilty plea in November 2005. He did not seek direct appellate review of his conviction, and his post-conviction petition, filed in February 2010, was dismissed by the trial court as time-barred. *See Johnson v. Carlton*, No. E2010-01309-CCA-R3-HC, 2010 WL

---

[1] The petitioner named as the respondent in this action Jim Morrow, the former Warden of Southeastern Tennessee State Regional Correctional Facility, now known as the Bledsoe County Correctional Complex. Bruce Westbrooks was appointed Warden of Bledsoe County Correctional Complex in September 2011. Because the Warden is sued in his official capacity as the state officer having custody of the petitioner, the Clerk is directed to substitute Bruce Westbrooks as the correct respondent.

4891362, at *1 (Tenn. Ct. Crim. App. Nov. 24, 2010) (providing procedural history of the criminal proceedings). The petitioner apparently did not appeal that dismissal and instead filed two different habeas corpus petitions in the state court, both of which were subsequently dismissed for failure to establish that the petitioner was entitled to state habeas relief.   That is, he failed to show that the judgment at issue was void (as opposed to merely voidable) either on the basis that the court of conviction was without jurisdiction or because the defendant was still imprisoned despite the expiration of his sentence. *See Johnson v. Morrow*, No. E2011-02281-CCA-R3-HC, 2012 WL 4882762 (Tenn. Ct. Crim. App. Oct. 16, 2012) (affirming the trial court's dismissal of habeas petition for failure to state a claim for state habeas relief); *Johnson v. Carlton*, No. E2010-01309-CCA-R3-HC, 2010 WL 4891362 (Tenn. Ct. Crim. App. Nov. 24, 2010) (same).

A one-year statute of limitations applies to the filing of an application for the writ of habeas corpus under 28 U.S.C. § 2254 by a person in state custody. 28 U.S.C. § 2244(d). This one-year period generally runs from "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[2] The limitations period may be tolled during the pendency of a timely state petition for post-conviction relief. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." (emphasis added)). However, the tolling provision in § 2244(d)(2) does not "revive" the one-year limitation period in § 2244(d)(1)(A) or restart the "clock." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (citation omitted). Rather, § 2244(d)(2) can only serve to pause a statute of limitation clock that has not yet fully run. *Id.* Once the one-year limitation period in 28 U.S.C. § 2244(d)(1)(A) has expired, any motions or petitions for collateral post-conviction relief filed in the state courts cannot serve to toll or avoid the statute of limitation; *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001); *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003).

As stated above, the petition in this case reflects that the petitioner was sentenced on January 6, 2006. (ECF No. 2, at 1.) The petitioner did not file a direct appeal, and the time for seeking direct review of his conviction, under Tennessee law, expired thirty days after the petitioner was sentenced, on

---

[2] The statute refers to other events that may also trigger the running of the limitations period, but none of these is applicable here.

February 5, 2006. Tenn. R. App. P. 4(a). The one-year limitations period for filing a habeas corpus petition in federal court under 28 U.S.C. § 2254 therefore expired no later than February 5, 2007. The petitioner's state post-conviction petition was filed three years later, in February 2010. Because the limitations period in § 2244(d)(1) had already expired by then, the filing of the state post-conviction petition did not toll or extend the statute of limitations. Likewise, the state habeas petitions filed in 2010 and 2011 did not restart the limitations period, which had long-since expired.

Even if the statute of limitations had not run, under 28 U.S.C. § 2254(b)(1), an application for the writ of habeas corpus brought by a person in state custody may not be granted unless the applicant has exhausted the remedies available to him in the state courts. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1). That is, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to every available level of the state court system. *Rose v. Lundy*, 455 U.S. 509, 518–20 (1982); *see also Duncan v. Henry*, 513 U.S. 364, 365–66 (1995) ("[A] federal habeas petitioner . . . [must] provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim."). Ordinarily, habeas petitions containing unexhausted claims are dismissed without prejudice in order to permit the petitioner the opportunity to pursue them in state court. *Alley v. Bell*, 307 F.3d 380, 385 (6th Cir. 2002) (citing *Rose*, 455 U.S. at 518, 520–22). However, where, as here, any unexhausted claims would be procedurally barred under state law, for instance by statutes of limitations or state rules barring successive petitions, then the claims are deemed exhausted (because no further state review is available) but procedurally defaulted, and may not be considered by the federal court on habeas review except under extraordinary circumstances. *Id.* at 385–86 (6th Cir. 2002) (citations omitted); *In re Cook*, 215 F.3d 606, 607–08 (6th Cir. 2000). The petitioner has not alleged extraordinary circumstances. Accordingly, whatever claims the petitioner might seek to raise now are procedurally barred as well as being time-barred.

Finally, on the face of his petition, the petitioner failed to identify any claims he would like to bring in this Court, as required by the Rules Governing § 2254 Cases. *See* Rule 2(c), Rules Gov'g § 2254 Cases (stating that the petition must "(1)specify all grounds for relief available to the petitioner [and] (2) state the facts supporting each ground").

For all these reasons, the Court finds that it plainly appears from the petition itself that the petitioner is not entitled to relief in this Court. The petition is therefore **DISMISSED**.

The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, Rules Gov'g § 2254 Cases. The petitioner may not take an appeal unless a district or circuit judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2). A "substantial showing" is made when the petitioner demonstrates that "'reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "[A] COA does not require a showing that the appeal will succeed," *Miller-El*, 537 U.S. at 337, but courts should not issue a COA as a matter of course. *Id.*

The petition presented here is clearly barred by the statute of limitations and based on the petitioner's having defaulted on his obligation to pursue state-court remedies prior to seeking federal habeas relief. The petition therefore fails to state any viable basis for federal habeas relief. Because an appeal by the petitioner would not warrant attention on the merits, the Court **DENIES** a COA. The petitioner will not be permitted to appeal unless he seeks and obtains a COA directly from the Sixth Circuit Court of Appeals.

The Clerk is directed to serve a copy of this order on the respondent and the petitioner.

It is so **ORDERED**.

Kevin H. Sharp
United States District Judge